Jason Douglas Hawkins, Federal Public Defender's Office Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Kathy Chewning raises arguments that are foreclosed by *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir. 2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), which held that *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), does not apply to the United States Sentencing Guidelines. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Cesar Alfredo CISNEROS–CAVAZOS,**
**Defendant–Appellant.**

**No. 04–40530.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sandra Zamora Zayas, Assistant Federal Public Defender, Molly E. Odom, Federal Public Defender'S Office Southern District of Texas Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Cesar Alfredo Cisneros–Cavazos pleaded guilty to being an alien unlawfully found in the United States after deporta-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to serve 56 months of imprisonment and three years of supervised release.

For the first time on appeal, Cisneros–Cavazos argues that the "felony" and "aggravated felony" provisions set forth in 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because they do not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Cisneros–Cavazos concedes, his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 234–35, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Cisneros–Cavazos also argues for the first time on appeal that if *Almendarez–Torres* is overruled, the Supreme Court's holding in *Blakely v. Washington,* —— U.S. ——, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), renders unconstitutional the district court's calculation of his sentence under the United States Sentencing Guidelines based on facts relating to his prior convictions that were neither found by a jury beyond a reasonable doubt nor admitted by him. Cisneros–Cavazos concedes that in addition to the obstacle posed by *Almendarez–Torres,* his argument regarding the effect of *Blakely* is foreclosed by *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), in which this court held that *Blakely*

does not extend to the United States Sentencing Guidelines.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.